UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| AMOS GABRIEL HICKS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action Nos. 1:21-00469 |
| v. ) | |
| ) | |
| STEVEN D. CANTERBURY, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees or Costs (Document No. 4), filed on September 7, 2021. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Complaint be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

**A.    State Criminal Proceedings:**

On October 21, 2008, a McDowell County grand jury indicted Plaintiff on one count of First Degree Murder, one count of malicious assault, and one count of conspiracy. Hicks v. Ames, 2021 4485002, * 1 - 2 (S.D.W.Va. July 7, 2021)(J. Eifert). On July 22, 2009, following a two-day jury trial, Plaintiff was convicted of all counts. Id. On October 7, 2009, the Circuit Court sentenced Plaintiff to life imprisonment without the possibility of parole for his conviction of first-degree murder, not less than two nor more than ten years of imprisonment for his conviction of malicious assault, and not less than one nor more than five years imprisonment for his conviction of conspiracy. Id. Plaintiff's sentences were ordered to run consecutively. Id. Plaintiff, by counsel, filed his Notice of Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). Id.

By Per Curiam Decision entered on April 14, 2011, the SCAWV affirmed Plaintiff's conviction and sentence. State v. Hicks, 229 W.Va. 44, 725 S.E.2d 569 (2011).

**B.     State *Habeas* Proceedings:**

On May 22, 2012, Plaintiff, acing *pro se*, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County asserting five grounds for relief. Hicks, 2021 4485002, at * 2. On July 23, 2013, Plaintiff filed an amendment adding Grounds Six through Thirty-Six. Id. An omnibus hearing was conducted on December 5, 2016. Id. By Order entered on October 31, 2008, the Circuit Court denied Plaintiff's *habeas* Petition. Id. Relevant to the instant action, the Circuit Court denied Plaintiff's due process and equal protection claim based upon the State's failure to produce transcripts of all proceedings requested by Plaintiff's counsel. Id. The Circuit Court noted that the requested and unavailable transcripts were for the following: voir dire, defense counsel's opening statement, "unknown proceedings from 8:04 – 8:43 a.m. on July 23, 2009," defense counsel's closing argument, and the jury instructions. Id. The Circuit Court concluded that the foregoing "did not impact the jury's deliberation in the criminal evidence" and "paper copies of the jury charge, jury instructions, and jury verdict forms were sent to the [SCAWV] as part of the direct appeal." Id. On April 28, 2018, Plaintiff, by counsel, filed his appeal concerning the Circuit Court's decision denying his *habeas* Petition. Id. at * 3. Pertinent to the instant action, Plaintiff argued that the missing transcript portions "critically" affected his appellate rights in both his direct appeal and *habeas* proceedings. Id. By Memorandum Decision entered on June 3, 2020, the SCAWV affirmed the Circuit Court's decision denying Plaintiff's *habeas* petition. Hicks v. Ames, 2020 WL 2904845 (2020).

**C.     First Section 1983 Action:**

On November 4, 2013, Plaintiff filed in this Court a Notice of Removal, Motion to Remove

Civil Action from State Court to this Court, and an Application to Proceed Without Prepayment of Fees and Costs. <u>Hicks v. Ames</u>, Civil Action No. 2:13-27830 (S.D.W.Va. Oct. 28, 2015), Document Nos. 1, 3, 4. On April 9, 2014, Plaintiff filed a Motion to Amend Original Pleadings and a proposed Amended Complaint. <u>Id.</u>, Document Nos. 6 and 6-1. By Order entered on May 9, 2014, United States Magistrate Judge Dwane L. Tinsley determined Plaintiff's removal attempt was improper. <u>Id.</u>, Document No. 7. Judge Tinsley, however, determined that Plaintiff could have filed an action pursuant to 42 U.S.C. § 1983 under the original jurisdiction of this federal court. <u>Id.</u> Therefore, Judge Tinsley granted Plaintiff's Motion to Amend, directed that Plaintiff's proposed Amended Complaint be re-docketed, and granted Plaintiff's Application to Proceed Without Prepayment of Fees. <u>Id.</u> Pertinent to the instant proceedings, the undersigned notes that Plaintiff's Amended Complaint sets forth nearly identical claims as asserted in the instant action. In his Amended Complaint, Plaintiff named the following as Defendants: (1) Steven D. Canterbury, Administrative Director of the West Virginia Supreme Courts of Appeal or/and State of West Virginia; (2) Booker T. Stephens, Circuit Court Judge for McDowell County; (3) Francine Spencer, Circuit Clerk of McDowell County; (4) Ms. Janet Murphy, Court Reporter (Deceased), or/and Estate of Janet Murphy; (5) Widowed Husband of Janet Murphy; and (6) John Doe, or/and Bonding Company/ Agency/Municipality or Insurer. <u>Id.</u>, Document No. 8. Judge Tinsley provided the following thorough summary of Plaintiff's Amended Complaint:

> The plaintiff's Amended Complaint contends that the defendants' inability to produce a portion of his criminal trial transcripts has resulted in violations of his constitutional rights, particularly his right to due process under the Fourteenth Amendment. The plaintiff asserts that "no transcripts exist from which the plaintiff can institute his Constitutional Rights to Appeal his conviction and his Constitutional Right to make and file a Habeas Corpus." (ECF No. 8 at 6). The plaintiff's Amended Complaint further asserts:
>> Petitioner has/is under duress of incarceration in a State prison without the citizen's rights that are due him, causing him to be physically unable to enjoy life, by freedom of movement, choice of

3

> where to live, to be constantly under fear of physical injury without any recourse as commanded by State and Federal Constitutions due to the Respondent's et al., acting "Under Color of Law" and individually and failing to do their immediate duty" or incumbent duty" or "supervising duty" in a "timely" manner and moreover it continues due to their malingering, after being advised of the facts of this case resulting in causation and injury.

(Id. at 7).

Specifically, the Amended Complaint alleges that Mrs. Murphy had informed the court of her intent to retire and actually retired a few months before her passing, but failed to turn over her records, tapes, transcripts and notes to the Circuit Clerk or the court prior to her death. (Id.) The Amended Complaint further alleges that, as a State and County employee, Mrs. Murphy was under the direct supervision of the Supreme Court of Appeals and its Administrative Director, Stephen Canterbury, and local supervision by Judge Stephens. (Id. at 8). The Amended Complaint further alleges that Judge Stephens breached his duties as Mrs. Murphy's supervisor to ensure that her records, tapes, transcripts and notes were turned over to the court prior to her death. (Id. at 7-8, 19-21). The Amended Complaint further appears to assert that Judge Stephens has made improper rulings in the plaintiff's habeas corpus proceedings. (Id. at 9-16).

The Amended Complaint further alleges that Mr. Canterbury, in his supervisory role as Supreme Court Administrative Director, breached his duties to ensure that Mrs. Murphy turned over all court records, and generally failed to make adequate rules to ensure that court records are not tampered with, are secured properly, and are not permanently destroyed. (Id. at 8, 17-19). Concerning defendant Spencer, the plaintiff contends that, as Clerk of the Circuit Court, she is "in charge of and oversees the keeping of the Circuit Court's records." (Id. at 8, 22). Thus, the plaintiff alleges that Spencer had a duty to ensure that the records possessed by Mrs. Murphy were monitored and turned over to the court upon her retirement, and that such records were retained for the duration of the State's document retention schedule, which is 75 years. (Id. at 22-23 and App. D). Thus, the plaintiff's Amended Complaint asserts claims of supervisory liability and/or vicarious liability against defendants Stephens, Canterbury and Spencer.

The plaintiff further alleges that these defendants acted collectively or "colluded" with one another to hide the fact that the plaintiff's transcripts no longer exist, conspired to cause great delays, and failed or refused to give the plaintiff a remedy when required to do so by law. (Id. at 14-15). He specifically alleges that the conduct of these defendants amounted to deliberate indifference or gross negligence "causing a man (the plaintiff) to remain in prison without recourse." (Id. at 23). Elsewhere in the Amended Complaint, the plaintiff states that the conduct of these defendants resulted in "grievous harm/injury to his person by holding him hostage in a West Virginia Prison at Mount Olive Correctional Complex without recourse of law," that "his personal and civil rights are being violated on a daily basis by his illegal and unconstitutional incarceration," and that "the failure to furnish free transcript when ordered renders sentence void." (Id. at 9-10, 25)

The plaintiff seeks declaratory and injunctive relief, including an order by

4

>this court requiring Judge Stephens to adjudicate pending motions, and to give appropriate relief for the denial of the plaintiff's rights to appeal or perfect a habeas, "which is remedied by reversal of convictions, vacation of sentences, and a New Trial awarded." (Id. at 28). Furthermore, the plaintiff seeks monetary damages from the defendants for the alleged violation of his constitutional rights, which he claims has subjected him to "cruel and unusual punishment" and "false imprisonment." (Id.) Thus, the plaintiff clearly seeks relief that would implicate the validity of his state court conviction.

Id., Document No. 60, pp. 4 – 7.

Summonses were issued for the Defendants on September 30, 2014. Id., Document No. 21. On October 3, 2014, Defendants Canterbury and Stephens filed a Motion to Dismiss and Memorandum in Support. Id., Document No. 26 and 27. On November 12, 2014, Defendant Spencer filed a Motion to Dismiss and Memorandum in Support. Id., Document Nos. 30 and 31. On December 4, 2014, Plaintiff filed a Motion to Compel a Response from Defendant Janet Murphy or Representative Bonding Agent/Insurer/County Commission and Motion to Strike Defendant Spencer's Motion to Dismiss as untimely. Id., Document Nos. 34 and 35. On December 17, 2014, Defendants Canterbury and Stephens filed a Response in Opposition to Plaintiff's Motion to Compel a Response from Defendant Murphy or others. Id., Document No. 36. On December 19, 2014, Defendant Spencer filed a Response to the Plaintiff's Motion to Strike her Motion to Dismiss. Id., Document No. 37. On February 20, 2015, Plaintiff filed a Consolidate Response to the pending Motions to Dismiss. Id., Document No. 43. On February 20, 2015, Plaintiff also filed a Motion for Order of Service upon a Previously Unidentified "John Doe" Defendant. Id., Document No. 44. On March 2, 2015, Plaintiff filed a Motion to Amend Amended Complaint seeking to substitute and serve process on Bill Murphy, the husband of Janet Murphy, in place of the "John Doe" Defendant. Id., Document No. 45. On March 2, 2015, Defendant Spencer filed a Reply to Plaintiff's Consolidated Response to the Motions to Dismiss. Id., Document No. 46. On March 20, 2015, Defendants Canterbury and Stephens filed their Reply to

Plaintiff's Consolidated Response. Id., Document No. 54.

By Proposed Findings and Recommendation ("PF&R") entered on August 12, 2015, Judge Tinsley recommended that the District Court grant Defendants' Motion to Dismiss and dismiss the civil action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Id., Document No. 60. Specifically, Judge Tinsley determined that Plaintiff's claims were barred by Presiser v. Rodriguez and Heck v. Humphrey. Id., pp. 12 – 17. On September 24, 2015, Plaintiff filed his Objections. Id., Document No. 64. By Memorandum Opinion and Judgment Order entered on October 28, 2015, United States District Judge Thomas E. Johnston overruled Plaintiff's Objections, adopted Judge Tinsley's PF&R, and granted Defendants' Motions to Dismiss, and dismissed the action without prejudice. Id., Document Nos. 65 and 66. Specifically, Judge Johnston determined that Plaintiff's claims were barred by Heck. Id., Document No. 65, pp. 14 – 25. Pertinent to the above action, Judge Johnston stated as follows:

> Until Plaintiff is granted termination of that confinement through proof that either "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Heck*, 512 U.S. at 487, Plaintiff cannot pursue his claims through § 1983. As his claim is not yet cognizable, it fails to state a claim upon which relief can be granted and is dismissed without prejudice until such time as Plaintiff can demonstrate the requisite favorable termination. *See id.* at 490 (upholding lower court's dismissal without prejudice pending petitioner's ability to achieve favorable termination); *Omar v. Chasanow*, 318 F. App'x 188 (4th Cir. 2009) (per curiam) (concluding that appropriate disposition of § 1983 claims barred by the Heck doctrine is dismissal without prejudice to later ability to refile claims upon favorable termination).

Id., p. 25.

**D.     Federal *Habeas* Proceedings:**

On October 8, 2020, Plaintiff filed with this Court a Section 2254 Petition and Memorandum of Law. Hicks v. Ames, Case No. 1:20-cv-00665 (S.D.W.Va. Sep. 29, 2021),

6

Document Nos. 2 and 4. Relevant to the instant action, Plaintiff asserted that the lack of transcripts of certain trial proceedings denied him due process and equal protection of the law. Id. As summarized by United States Magistrate Judge Cheryl A. Eifert, Plaintiff asserted as follows:

> In Ground Two, Hicks claims that the lack of transcriptions of certain trial proceedings denied him due process and equal protection of the law. (ECF No. 2 at 20). He argues that the government's failure to produce all requested portions of the trial transcript "effectively denied the Right to Meaningful Appeal and Full, fair and complete Appellate Review." (Id.). Hicks contends that the incomplete transcript rendered it impossible for him to vindicate his rights on appeal and in state habeas review and notes that circuit court personnel failed to comply with state record-keeping procedure, or disclose that portions of the transcript were unavailable. (Id. at 23). In his accompanying memorandum of law, Hicks argues that the failure to provide all portions of the trial transcript in this matter created an "insurmountable appellate defense disability which makes it impossible" for him to file: (1) post-trial motions; (2) a direct appeal; (3) a petition for a writ of certiorari to the United States Supreme Court; (4) a state habeas petition; and (5) an appeal to the SCAWV from the denial of his habeas petition. (ECF No. 4 at 25). Hicks further claims that as an indigent defendant, he is constitutionally entitled to a copy of the transcript of his trial without cost to him pursuant to West Virginia law. (Id. at 27). Hicks also argues that the State as "grossly derelict" by not securing the notes, tapes, and finished transcriptions. (Id. at 30). Hicks posits that the circuit court has a duty to retain records in a criminal trial proceeding for a period of seventy-five (75) years. (Id. at 31-32).

Id., Document No. 26, pp. 8 – 9. On February 10, 2021, the Respondent filed a Motion for Summary Judgment and Memorandum in Support. Id., Document Nos. 14 and 17. On May 20, 2021, Plaintiff filed his Response in Opposition and Memorandum in Support. Id., Document No. 23 and 24. By PF&R entered on July 7, 2021, Judge Eifert recommended that Plaintiff's Section 2254 Petition be denied and Respondent's Motion for Summary Judgment be granted. Id., Document No. 26. Pertinent to the instant action, Judge Eifert determined that Plaintiff's equal protection and due process rights were not violated by the lack of access to the entire transcript of all proceedings. Id., pp. 27 – 31. On July 22, 2021, Plaintiff filed his Objections. Id., Document No. 29. By Memorandum Opinion and Order entered on September 29, 2021, United States District Judge David A. Faber overruled Plaintiff's Objections, adopted Judge Eifert's PF&R,

granted Respondent's Motion for Summary Judgment, and denied Plaintiff's Section 2254 Petition. Id., Document Nos. 30 and 31. Plaintiff filed a Notice of Appeal on October 12, 2021. Id., Document No. 33. By Per Curiam Opinion entered on May 23, 2022, the Fourth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal. Id., Document Nos. 42 and 43; also see Hicks v. Ames, 2022 WL 1619847 (4th Cir. 2022). Plaintiff filed a petition for writ of certiorari, which was denied by the United States Supreme Court on October. 2, 2023. Hicks v. Ames, ___ U.S. ___, 144 S.Ct. 109, 217 L.Ed.2d 31 (2023).

**E.      Instant Action:**

On March 1, 2021, Plaintiff, acting *pro se*, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) In his Complaint, Plaintiff names the following as Defendants: (1) Steven D. Canterbury, Admin. Director of the West Virginia Supreme Court of Appeals or/and State of West Virginia; (2) Booker T. Stephens, Circuit Court Judge for McDowell County; (3) Francine Spencer, Circuit Clerk of McDowell County; (4) Janet Murphy, Court Reporter (Deceased), or/and Estate of Janet Murphy; and (5) William Murphy (Deceased),[2] Widowed Husband of Janet Murphy, or/and Bonding Company/Agency/Municipality or Insurer. (Id., pp. 1 and 4.) Plaintiff's allegations relate to his underlying criminal proceedings in McDowell County, West Virginia. (Id.) Plaintiff alleges that he was convicted of murder in July 2009, and sentenced to life without parole. (Id., p. 6.) Plaintiff contends that in efforts to prepare Plaintiff's

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff alleges that William Murphy is personally responsible for the loss of certain portions of Plaintiff's trial transcript. As explained below, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. There is no allegation or indication as to how Mr. Murphy may have been a "state actor" for purposes of Section 1983. Thus, Plaintiff cannot pursue a Section 1983 claim against Mr. Murphy.

direct appeal, his attorney (Michael Gibson) requested certain portions of the transcripts to be transcribed by Janet Murphy. (Id.) Plaintiff complains that neither "Attorney Gibson nor Plaintiff received the requested portion of the transcripts for Instructions which kept the Plaintiff from raising instructional error on direct appeal." (Id.) Plaintiff argues that this "effectively denied Plaintiff the constitutional right to complete an appeal and the right to his personal freedom." (Id.) Plaintiff, however, acknowledges that he filed his direct appeal on March 29, 2010 and his appeal was denied on April 14, 2011. (Id., p. 7.) Plaintiff states that he "filed a new and additional transcript request form to the new court reporter, Carolyn DiLorenzo (replacing Mrs. Murphy) requesting that the balance of the transcripts be prepared for the purpose of collateral post-conviction habeas corpus relief." (Id.) Plaintiff acknowledges that the Circuit Court appointed *habeas* counsel, who assisted with the request for transcripts. (Id.) Plaintiff states that on November 9, 2021, *habeas* counsel received a letter from Court Report DiLorenzo stating as follows:

> Subsequent to my employment of October 1, 2010, as Judge Stephens' official reporter, Mrs. Murphy passed away. Apparently, Mrs. Murphy had worked on various transcripts from her residence, and, following her untimely death, her husband has disposed of materials that were located in her home office.
> I have searched through all of the tapes that are located in my office, and unfortunately, there are no tapes available from the trial of this matter from which I can prepare transcripts of the portions of the trial that you have requested. Accordingly, I am not able to comply with your request as set forth in your letter.

(Id.) Plaintiff concludes that "this letter proves that no transcripts exist from which the Plaintiff can institute his constitutional right to appeal his conviction and his constitutional right to make and file a habeas corpus." (Id.) Plaintiff complains that Defendants failed to "hire a responsible person as a court reporter (Janet L. Murphy) that adheres to the letter of the law stating that the transcripts, tapes and notes of this case were required to be kept for a period of seventy-five (75) years" pursuant to West Virginia law. (Id., p. 8.) Plaintiff contends that Judge Stephens and Court

Administrator Director Canterbury "knew court reporter Janet Murphy took tapes to her home to transcribe" and that "no duplicates were made as required." (Id.) Plaintiff asserts that Circuit Clerk Spencer also "knew or should have known that Janet Murphy was taking the original records home to be transcribed." (Id.) Plaintiff further argues that Defendants "knew or should have known that Mrs. Murphy had cancer and was dying some six (6) months before her actual demise." (Id., pp. 8 – 9.) Plaintiff acknowledges that Mrs. Murphy retired a few months prior to her passing. (Id., p. 9.) Plaintiff, however, claims that Mrs. Murphy's "records, tapes, transcripts, and notes were required to be turned over to the Circuit Clerk or court personnel prior to her passing." (Id.) Plaintiff argues that Administrator Director Canterbury and Circuit Court Judge Stephens failed to properly supervise Mrs. Murphy. (Id., pp. 19 – 23.) Plaintiff contends that Administrator Director Canterbury and Circuit Court Judge Stephens "failed to ensure that [Mrs. Murphy] turned over all record, tapes, and documents of criminal cases or otherwise, documents to be held in the custody of the State." (Id.) Plaintiff contends that Administrator Director Canterbury and Circuit Court Judge Stephens' failure to properly supervise Mrs. Murphy denied Plaintiff "his constitutional right to meaningful appeal of his criminal conviction, thus resulting in his illegal detention in a correctional complex for life without recourse." (Id., p. 20.) Plaintiff further argues that Circuit Clerk Spencer breached her duty to ensure she had all records prior to Mrs. Murphy's passing. (Id., p. 25.) Plaintiff argues that "this breach of personal responsibility shows 'deliberate indifference' to the Plaintiff's civil rights, constitutional rights and to the citizens of this County and State." (Id., p. 21.) Plaintiff concludes that the Defendants' inability to furnish him a transcript violates his rights under the Fourteenth Amendment. (Id.) Plaintiff further argues that Circuit Court Judge Stephens "failed to timely hold motions hearings and/or to otherwise initiate a remedy by reversal of conviction, vacation of sentences, and holding a new trial as required by law." (Id.) Plaintiff

10

further asserts that Circuit Court Judge Stephens violated his constitutional rights during his State *habeas* proceedings.³ (Id., pp. 15 – 18.) Plaintiff contends that Circuit Court Judge Stephens delayed the appointment of additional co-counsel for his State *habeas* proceedings until Plaintiff filed his Section 2254 action with this Court. (Id.) Plaintiff concludes this "shows the collusion of this Court to deny any relief and illegally keep this Plaintiff in prison for a crime he didn't commit." (Id., p. 16.) Finally, Plaintiff alleges that all Defendants are liable under a theory of vicarious liability for failure to take steps to remedy the constitutional deprivations being suffered by Plaintiff as the result of the missing portions of the transcript. (Id., pp. 28 – 29. ) On this theory, Plaintiff alleges that all Defendants, "individually by participation, and under the color of law, and under the cover of their offices, positions and stations in life, have failed to take the necessary actions to insure that the legislative mandates are followed or perpetuated which is 'gross negligence,' 'intentional deliberate indifference,' and 'arbitrary recklessness' and total disregard for Human Rights, and those protected as Citizen's Rights by Constitution." (Id., p. 29.) Therefore, Plaintiff concludes that his constitutional rights "are being violated on a daily basis by his illegal and unconstitutional incarceration." (Id., p. 11.) Plaintiff requests declaratory and monetary relief. (Id., p. 30.)

---

³ "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." *Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." *Jackson v. Houck*, 181 Fed. App'x 372, 372 (4th Cir. 2006) (*quoting Mireles v. Waco*, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). To the extent Plaintiff alleges that Judge Stephens inappropriately delayed or denied motions during Plaintiff's State *habeas* proceedings, the undersigned finds that Judge Stephens is absolutely immune from suit.

As Exhibits, Plaintiff attaches the following: (1) Copies of Plaintiff's "Appellate Transcript Request" forms (Id., pp. 34 – 37.); (2) A copy of letters from Court Reporter DiLorenzo addressed to Attorney LaCaria dated November 9, 2012 and April 16, 2014 (Id., pp. 39 – 40, 61.); (3) A copy of the "Records Retention Schedule Circuit Clerk" (Id., pp. 42 – 49.); (4) A copy of a letters from Attorney LaCaria addressed to Plaintiff dated November 29, 2012, April 10, 2013, and May 28, 2013 (Id., pp. 51 – 52, 54, 56.); (5) A copy of Plaintiff's "Motion to Schedule Motion Hearing Date" as filed with the Circuit Court of McDowell County (Id., pp. 57 – 59.); (6) A copy of a letter from Inmate Joseph F. Horn addressed to Court Reporter DiLorenzo dated June 24, 2014 (Id., p. 62.); (7) A copy of a letter from Court Reporter DiLorenzo addressed to Inmate Horn dated April 18, 2014 (Id., p. 63.); and (8) A copy of transcripts from a hearing conducted on August 8, 2013 involving Plaintiff's State *habeas* proceedings (Id., pp. 65 – 71.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d

338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.[4]

In his Complaint, Plaintiff alleges that his constitutional rights were violated as a result of certain portions of his trial transcript being lost and unavailable. (Document No. 1.) Plaintiff explains that the foregoing interfered with his ability to file an appeal and seek *habeas* relief resulting in his wrongful incarceration.[5] Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the invalidity of his convictions and sentences. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

---

[4] To the extent Plaintiff alleges a violation of State statutory or constitutional law, such is not cognizable under Section 1983.

[5] During Plaintiff's Section 2254 proceedings, the Court determined that "the absence of some portions of the trial proceedings did not prevent Hicks from mounting an appeal or receiving a meaningful state habeas review." *Hicks*, Case No. 1:20-cv-00665, Document No. 26, p. 28

>render a conviction or sentence invalid, a '1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. '2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under '1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). The undersigned notes that Plaintiff's Complaint in the instant action is nearly identical to the Complaint filed in Civil Action No. 2:13-cv-27830. As discussed above, Judge Johnston determined that Plaintiff's claims were barred by Heck "[u]ntil Plaintiff is granted termination of that confinement through proof that either the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Hicks, Case No. 2:13-cv-27830, Document No. 65, p. 25. Plaintiff does not indicate that he has been successful in a direct appeal or in *habeas* proceedings.[6] The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's

---

[6] As discussed above, Plaintiff was not successful on appeal or in State or Federal *habeas* proceedings.

Complaint (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation and to Plaintiff, who is acting *pro se.*

Date: March 11, 2024.



Omar J. Aboulhosn
United States Magistrate Judge